**FILED**
JUL 0 9 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

JEFFREY BRACE )
        Plaintiff, ) Case No. 12-4128
)
vs. )
) **COMPLAINT**
ARS NATIONAL SERVICES, INC., )
)
        Defendant. )
)

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jeffrey Brace ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Dakota, County of Minnehaha, and City of Sioux Falls.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ARS National Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on December 2, 2011 at 9:53 A.M., and at such time, terminated the call and did not leave a voicemail message for Plaintiff.

12. Plaintiff returned Defendant's telephone call on December 2, 2011 at 9:58 A.M., and at such time, Plaintiff informed Defendant that he had retained counsel for the purpose of initiating bankruptcy proceedings and provided Defendant his bankruptcy attorney's contact information.

13. Despite actual knowledge that Plaintiff was represented by counsel and having counsel's contact information, Defendant called Plaintiff on December 26, 2011 at 9:34 A.M., and at such time, disconnected the call after Plaintiff answered.

14. Despite actual knowledge that Plaintiff was represented by counsel and having counsel's contact information, Defendant called Plaintiff on December 29, 2011 at 2:36 P.M.,

and at such time, disconnected the call after Plaintiff answered.

15. Despite actual knowledge that Plaintiff was represented by counsel and having counsel's contact information, Defendant called Plaintiff on February 7, 2012 at 12:34 P.M., and at such time, disconnected the call after Plaintiff answered.

16. Plaintiff returned Defendant's telephone call on February 7, 2012 at 12:34 P.M., and at such time, Plaintiff was transferred to Defendant's agent and/or employee "Travis," who abruptly disconnected the call after Plaintiff informed him of Plaintiff's name.

17. Plaintiff again called Defendant on February 7, 2012 at 12:36 P.M., and at such time, demanded to speak to a supervisor.

18. After Plaintiff informed Defendant's supervisor of the repeated calls he was receiving from Defendant in which Defendant abruptly terminated the call, Plaintiff attempted to give Defendant's supervisor his attorney's contact information and further demanded that Defendant cease placing any and all calls to Plaintiff.

19. In response, Defendant's supervisor told Plaintiff that (a) his "bankruptcy had no guarantee of going through," (b) that it would "likely get thrown out of court because [Plaintiff is] irresponsible with [his] money," and (c) that all that would result from Plaintiff's bankruptcy was that Plaintiff would remain liable for his debts and "lose any money paid to [his] lawyer."

20. Defendant's supervisor then demanded that Plaintiff pay Defendant the amount of $4,800.00.

21. In Mid-February 2012, Plaintiff decided to no longer pursue bankruptcy.

22. Defendant's actions constitute conduct highly offensive to a reasonable person.

## CLAIM(S)

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at a time or place known to be inconvenient.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(2)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse Plaintiff in connection with collection of an alleged debt.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the

amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated this 29 of June, 2012.          Respectfully submitted,

By: _____
JD Haas, Esq.
*JD HAAS AND ASSOCIATES, PLLC*
Attorneys for Plaintiff
10564 France Avenue South
Bloomington, MN 55431
Telephone:   (952) 345-1025
Facsimile:    (952) 854-1665
Email: JDHAAS@ATTORNEYSFORCONSUMERS.COM

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF SOUTH DAKOTA   )
                        ) ss
COUNTY OF Lincoln       )

I, Jeffrey Brace, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 6-21-12                                      _____
                                                   Jeffrey Brace

SWORN TO AND SUBSCRIBED BEFORE ME,
This 21st day of June, 2012

_____
NOTARY PUBLIC
Print name: April A. Johnson

Bar/Notary No.: _____
My commission expires: 12-26-2013

APRIL A. JOHNSON
NOTARY PUBLIC
SOUTH DAKOTA